NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANGEL LABORIN TORRES, *Appellant.*

No. 1 CA-CR 13-0393
FILED 06-17-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-007448-001
The Honorable Pamela D. Svoboda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office
By Joseph T. Maziarz, Phoenix
*Counsel for Appellee*

Maricopa County Legal Advocate
By Consuelo M. Ohanesian, Phoenix
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

¶1            This case comes to us as an appeal under *Anders v. California,* 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Angel Laborin Torres (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court conduct an *Anders* review of the record.  Defendant has been afforded an opportunity to file a supplement brief *in propria persona,* but has not done so.

¶2            While driving home late at night from a swap meet where they operated a jewelry store, R.B., 68 years old, and his sister, C.B., 74 years old, were pulled over by what they believed to be a police car with flashing lights.  R.B. drove a van that was equipped with a Lojack device, and contained a safe, jewelry, money, jewelry storage cases, and a gun.  A man who appeared to be wearing a policeman uniform came over to R.B.'s window and asked for his driver's license and proof of insurance. As R.B. took out his wallet, defendant and multiple accomplices opened the van doors, pulled R.B. and C.B. from the van, and handcuffed R.B. C.B. was thrown to the ground and assaulted, suffering a broken shoulder, broken foot, and severe bruising.  Defendant or an accomplice took the money from C.B.'s purse, pushed her into a nearby car, and threw a jewelry storage case on top of her.  Defendant or an accomplice then kidnapped C.B., threw a cover over her head, and eventually released her from the car.

¶3            Defendant or an accomplice pushed R.B. into the back of the van and he was kidnapped.  Defendant or his accomplice told R.B. to provide the combination to the safe or they would kill C.B.  R.B. gave them the combination to the safe, but they were unable to open it.  After driving for a while, the men took R.B. to a parking lot where he was moved into another car.  An accomplice taped R.B.'s mouth shut and threw a jacket over his head.  Meanwhile, the defendant and his accomplices took everything from the van. Eventually, R.B. was released from the car and sought help.  The police used the lojack system in the van

and located the van in a garage of a house. The police found defendant and his accomplices hiding in the bushes and the backyard next to the house. The police also found jewelry, jewelry storage cases, and a police spotlight in a nearby car that was used by the defendant.

¶4 The state charged defendant with one count of illegal control of an enterprise, a class 3 felony, one count of conspiracy to commit aggravated robbery, a class 3 felony, one count of conspiracy to commit kidnapping, a class 3 felony, one count of aggravated robbery, a class 3 felony, two counts of kidnapping, a class 2 felony, one count of theft of means of transportation, a class 3 felony, two counts of aggravated assault, a class 4 felony, one count of assisting a criminal street gang, a class 3 felony, one count of theft, a class 2 felony, one count of misconduct involving weapons, a class 4 felony, and one count of conspiracy to commit hindering prosecution in the first degree – involving a criminal street gang, a class 3 felony.

¶5 A jury convicted the defendant of conspiracy to commit aggravated robbery (count 2), conspiracy to commit kidnapping (count 3), aggravated robbery (count 4), kidnapping (counts 5 and 6), theft of means of transportation (count 7), and aggravated assault (count 9). The jury also found three aggravating factors: the presence of an accomplice; causing physical, emotional or financial harm to the victim; and a victim was sixty-five years of age or older. Defendant stipulated to one prior felony conviction and was on probation at the time of the offenses. The trial court sentenced defendant to an aggravated term of seven years in prison on count 2, an aggravated term of ten years in prison on count 3, an aggravated term of eight years in prison on count 4, an aggravated term of ten years in prison on count 5, an aggravated term of seven years in prison on count 7, and an aggravated term of five years in prison on count 9, each to be served concurrently. The trial court also sentenced defendant to an aggravated term of thirteen years in prison on count 6, to run consecutively to count 5. Defendant received 918 days of presentence incarceration credit on every count, with the exception of count 6.

¶6 We have read and considered defendant's *Anders* brief, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. We find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end.

¶7            We affirm the conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: gsh